UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ROGER SCOTT BLACKBURN,

       Plaintiff,

v.

MINNESOTA NATIONAL GUARD,
COMPANY D/2nd 147th AVIATION BR.,
and
STATE OF COLORADO,

       Defendants.

Civil No. 08-6189 (MJD/JJG)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's request for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this case be dismissed without prejudice.

Plaintiff, an inmate at a prison located in Sterling, Colorado, commenced this action by filing a self-styled pleading entitled "Petition for Hearing." (Docket No. 1.) Plaintiff did not pay the $350 filing fee required by 28 U.S.C. § 1914(a) when he commenced this action, but he instead filed the IFP application that is now before the Court.

Because Plaintiff is a prisoner, his IFP application is subject to the

requirements of the Prison Litigation Reform Act of 1995, ("PLRA").  This means, inter alia, that he must pay an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

In this case, the initial partial filing fee that Plaintiff is required to pay under the formula prescribed by § 1915(b)(1) is $4.16.  However, Plaintiff did not tender his initial partial filing fee with his complaint and IFP application.  Therefore, by order dated December 2, 2008, (Docket No. 4), Plaintiff was directed to pay his initial partial filing fee of $4.16 within twenty days.  The Court's order expressly advised Plaintiff that if he failed to pay the prescribed amount within the time allowed, he would be deemed to have abandoned this action, and it would be recommended that his case be dismissed pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute.

The deadline by which Plaintiff was required to pay his initial partial filing fee has now passed, and Plaintiff has not tendered the payment due, nor has he offered any excuse for his failure to do so.  Indeed, Plaintiff has not communicated with the Court at all since he filed this action.  Therefore, in accordance with the Court's prior order of December 2, 2008, it is now recommended that Plaintiff be deemed to have abandoned this action, and that the action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).  See In re Smith, 114 F.3d 1247, 1251 (D.C.Cir. 1997) (failure to pay initial partial filing fee required by § 1915(b)(1) "may result in dismissal of a prisoner's action"); Amick v. Ashlock, 113 Fed.Appx. 191, 192 (8th Cir. 2004), (unpublished opinion) (prisoner action can properly be dismissed where prisoner

fails to pay initial partial filing fee as ordered); Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (federal court has inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases"); Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order").

Based on the Court's determination that this action has been abandoned, and that it should be summarily dismissed, it is also recommended that Petitioner's "Motion For A Stay Of Execution And Or Exemption," (Docket No. 3), be summarily denied.

## RECOMMENDATION

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**;

2. Plaintiff's "Motion For A Stay Of Execution And Or Exemption," (Docket No. 3), be **DENIED**; and

   3.  This action be **DISMISSED WITHOUT PREJUDICE**.


Dated:  January 22, 2009           s/ *Jeanne J. Graham*
                                           JEANNE J. GRAHAM
                                           United States Magistrate Judge


**NOTICE**

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **February 5, 2009**.  A party may respond to the objections within ten days after service thereof.  Any objections or responses filed under this rule shall not exceed 3,500 words.  A District Judge shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.